Requestor: John W. Caffry, Esq., Village Attorney Village of Argyle 100 Bay Street Glens Falls, N Y 12801
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village board of trustees may also serve as the planning board. You have explained that village zoning laws provide that the board of trustees is to serve as the planning board in all instances. Under your local zoning laws, the traditional functions of trustees are kept completely separate from the planning board function. The board of trustees serves separately as a planning board. Your concern is an amendment to the Village Law that provides "[n]o person who is a member of the village board of trustees shall be eligible for membership on the planning board." L 1992, ch 663, § 3 (effective July 1, 1993). You have explained that if the recent amendment to the Village Law forces the village to create a separate planning board, it would be a hardship for the village to find the requisite members to serve on that board.
We have previously found that a town board may perform the functions that otherwise would be performed by the planning board. 1989 Op Atty Gen (Inf) 143; 1979 Op Atty Gen (Inf) 147. These opinions are also applicable to villages in that the zoning articles for towns and villages are substantively the same. Thus, we believe that village trustees may perform the functions that normally would be performed by a planning board. This would not constitute a violation of section 7-718(3) of the Village Law (effective July 1, 1993). That provision prohibits dual membership of an individual on the board of trustees and on the planning board. Here, the trustees would be performing the planning function.
You have indicated that your board of trustees has separated the traditional legislative functions from the planning board functions and that the members of the board of trustees serve separately as the planning board. This would appear to violate the dual membership prohibition in new section 7-718(3) of the Village Law. We believe that the village can remedy this problem by eliminating local provisions providing for the board of trustees to serve separately as the planning board and to provide instead that the board of trustees is to perform the planning functions.
Should the village desire to retain its current provisions, it would be necessary that it amend section 7-718(3) of the Village Law using its home rule powers. 1988 Op Atty Gen (Inf) 90.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal opinion and unofficial expression of the views of this office.